GRIFFING v. A. A. GRIFFING IRON CO.

(Circuit Court, D. New Jersey. September 18, 1899.)

CORPORATIONS—SUIT BY STOCKHOLDER — GROUNDS FOR APPOINTMENT OF RE-
CEIVER.

> Proof of usurpation, ultra vires, fraud, or gross negligence on the part of the directors will alone justify a court in appointing a receiver for a solvent corporation at suit of a stockholder. The fears of the complainant that a suit brought by the corporation against an officer will not be diligently prosecuted, owing to the relations of the parties, will not warrant the appointment of a receiver to take charge of such suit, where no laches on the part of the corporation is shown.

This was a suit in equity by a stockholder in a corporation for the appointment of a receiver, and to wind up the business of the defendant. On rule to show cause against the appointment of a receiver pendente lite.

Theodore F. Hamilton and Edward S. Griffing, for complainant.
William L. Edwards and Clifford W. Hartridge, for defendant.

KIRKPATRICK, District Judge. The complainant in this cause is a stockholder in the defendant corporation, and as such asks the court to appoint a receiver to close its business, because it is insolvent. The charge of insolvency not only is denied under oath by the officers of the company, but an inspection of the figures set out in the complaint fails to substantiate the charge. The allegation in the bill is that, after the payment of all its just indebtedness, there will remain $60 per share to be distributed to shareholders. The bill also sets out that there is a certain suit pending in the courts of the state of New Jersey, which has been brought by direction of the board of directors against the present vice president and general manager of the company, to recover certain moneys which have been, as is charged, fraudulently appropriated. The complainant says that, on account of the relation of the parties, he fears this suit will not be diligently prosecuted, and he therefore asks the appointment of a receiver to take charge of the same. The answering affidavits show no laches on the part of the company's solicitors in the prosecution of the suit. No term of court at which it could be heard has been allowed to pass by. The pleadings have been promptly filed, and no extension of time asked for or given by either party. There is no denial of facts. The questions raised are purely legal, and the interference of officers not probable. So far as appears, the case is progressing regularly to final hearing. No need is shown for the interposition of the court to protect the interests of creditors or stockholders from any breach of trust by the directors. Such necessity should clearly appear to warrant the court in assuming the management of a solvent corporation, and take the conduct of its business out of the hands of the directors, to whom it has been intrusted by a majority in interest of the stockholders. Proof of usurpation, ultra vires, fraud, or gross negligence alone would justify such action. The presumption is that the directors will act in good faith, and for the best interest of the company, and this presumption is not overcome by the

fears of a stockholder, unsupported by facts, that a contrary course of conduct will be pursued by them. There is no proof of dishonest purpose on the part of directors in the conduct of the suit already begun, and no sufficient reason shown why a receiver should be appointed pendente lite. The rule to show cause will be discharged.